UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JANE DOE K.R.,

    Plaintiff,

v.      Case No: 6:23-cv-1012-JSS-LHP

CHOICE HOTELS, WHG SU
DELEGATES, LLC, CHOICE
HOTELS INTERNATIONAL, INC.,
and CHOICE HOTELS
INTERNATIONAL SERVICES
CORP.,

    Defendants.
_____/

# ORDER

Defendants, Choice Hotels, Choice Hotels International, Inc., and Choice Hotels International Services Corp. (the Choice Hotels Defendants) and WHG SU Delegates, LLC (WHG), move for reconsideration of the court's order denying their motions to dismiss or, in the alternative, for certification of that order to the Eleventh Circuit. (*See* Dkts. 73 & 81; *see also* Dkt. 83.) Plaintiff opposes the motions for reconsideration but does not object to certification. (*See* Dkts. 75 & 84.) Further, the parties jointly move to stay case deadlines pending resolution of the motions. (*See* Dkt. 85.) For the reasons outlined below, the court denies Defendants' motions. Accordingly, the joint motion to stay is denied as moot.

## BACKGROUND

Plaintiff alleges that between March and May 2013, she was the victim of sex

trafficking at an Orlando, Florida hotel owned and operated by WHG, a franchisee of the Choice Hotels Defendants. (Dkt. 1 ¶¶ 24, 32–33, 80–82.) Plaintiff brings three counts against Defendants under the Trafficking Victims Protection Reauthorization Act (TVPRA), 18 U.S.C. §§ 1591(a), 1595(a). (*See* Dkt. 1.) In the first count, she asserts that WHG is liable as a perpetrator of section 1591(a) violations. (*Id.* ¶¶ 87–91.) She alleges that WHG "harbored [her] by renting a room to [her] trafficker and providing him with services despite knowing or in reckless disregard of the fact that [she] would be caused, through force, coercion, or fraud, to engage in commercial sex acts." (*Id.* ¶ 89.) In the second count, Plaintiff brings beneficiary claims against Defendants under the theory that they "knowingly benefited from participation in a venture that [they] knew or should have, with reasonable diligence, known was engaged in" section 1591(a) violations. (*Id.* ¶¶ 92–96.) In the third count, she seeks to hold the Choice Hotels Defendants vicariously liable for WHG's alleged section 1591(a) violations. (*Id.* ¶¶ 97–101.)

Defendants moved to dismiss the counts for failure to state a claim. (Dkts. 39 & 45.) Among the numerous arguments they raised, they cited *Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714 (11th Cir. 2021), to argue that the complaint insufficiently establishes their participation in a venture violating the TVPRA and their knowledge of the venture's violations as to Plaintiff. (Dkt. 39 at 10–15; Dkt. 45 at 2–4, 6–7, 10–13, 15.) WHG also contended that the complaint inadequately alleges actual knowledge and harboring. (Dkt. 39 at 19–20.) WHG stated: "[a] hotel . . . does not 'harbor' every guest that rents a room and requests amenities. Plaintiff alleges no specific facts

showing [that] the staff at the subject hotel had actual knowledge of and direct involvement in [her] trafficking that could be imputed to WHG." (*Id.* at 20.)

On October 18, 2023, Plaintiff responded in opposition to the motions. (Dkts. 50 & 51.) The parties did not brief the motions further. *See* M.D. Fla. Loc. R. 3.01(a)–(d) (contemplating that briefing on a motion will typically conclude after a response to the motion). On February 9, 2024, the Eleventh Circuit issued *K.H. v. Riti, Inc.*, No. 23-11682, 2024 U.S. App. LEXIS 3127 (11th Cir. Feb. 9, 2024), as an unpublished opinion. *K.H.* chiefly consists of discussion of *Doe #1*. *Id.* at *5–10. The parties did not file a notice of supplemental authority respecting the motions to dismiss and thus did not bring *K.H.* to the court's attention prior to resolution of the motions. *See* M.D. Fla. Loc. R. 3.01(i) ("After filing a legal memorandum but before a decision, a party identifying a supplemental authority that is not merely cumulative may file—without argument or comment—a notice of supplemental authority . . . .").

On June 12, 2024, the court denied the motions to dismiss. (Dkt. 68.) As to perpetrator liability, the court concluded: "Plaintiff has sufficiently alleged that WHG . . . knowingly harbored [her] with actual knowledge or reckless disregard of the fact that force, threats of force, or coercion would be used to force [her] to engage in commercial sex acts." (*Id.* at 13.) The court thus rejected WHG's arguments related to actual knowledge and harboring. (*Id.* at 16–17.) In so doing, the court applied the plain meaning of the word "harbor[ing]" as "giv[ing] shelter or refuge to." (*Id.* (quoting *Harbor*, Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/harbor).) The court found Plaintiff's claims of beneficiary

- 3 -

and vicarious liability to have been adequately pleaded, as well. (*Id.* at 17–29.)

The court cited *Doe #1* throughout its order, (*see id.* at 5 n.1, 11, 13, 16, 18–20, 22, 24–25), and did not cite *K.H.*, (*see id. passim*). The court referred to *Doe #1* when addressing, for example, knowledge and harboring for perpetrator liability, (*id.* at 13, 16), and the elements of beneficiary liability, including Defendants' participation in a venture, the venture's violation of the TVPRA as to Plaintiff, and Defendants' knowledge of the violation as to Plaintiff, (*id.* at 18–20, 22, 24–25). In addition, the court supported its analysis with citations to non-binding decisions. (*See, e.g.*, *id.* at 24 (citing *C.S. v. Wyndham Hotels & Resorts, Inc.*, 538 F. Supp. 3d 1284 (M.D. Fla. 2021); *S.Y. v. Marriott Int'l, Inc.*, No. 2:20-cv-627-JES-MRM, 2021 U.S. Dist. LEXIS 94568 (M.D. Fla. May 19, 2021); and *G.G. v. Salesforce.com, Inc.*, 76 F.4th 544 (7th Cir. 2023)).) Defendants now ask the court to reconsider its order or, in the alternative, to amend the order and certify it for interlocutory review pursuant to 28 U.S.C. § 1292(b). (Dkts. 73 & 81.)

## APPLICABLE STANDARDS

"The [c]ourt's reconsideration of a prior order is an extraordinary remedy. Exercise of this power must of necessity be used sparingly." *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth.*, 814 F. Supp. 1072, 1072 (M.D. Fla. 1993). "A motion for reconsideration must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Fla. Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds,*

*Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998) (quotation omitted). "A motion for reconsideration cannot be used to 'relitigate old matters[ or to] raise argument or present evidence that could have been raised prior to'" the court's decision. *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (quoting *Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005)). "[C]ourts have recognized three . . . grounds justifying reconsideration: (1) an intervening change in controlling law[,] (2) the availability of new evidence[,] and (3) the need to correct clear error or manifest injustice." *Fla. Coll. of Osteopathic Med.*, 12 F. Supp. 2d at 1308. "A district court has sound discretion whether to [grant] a motion for reconsideration, and its decision will only be reversed if it abused that discretion." *Wilchombe*, 555 F.3d at 957.

Under 28 U.S.C. § 1292(b), a district court may certify an otherwise non-appealable order for appellate review when the "order [1] involves a controlling question of law [2] as to which there is substantial ground for difference of opinion and . . . [3] an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "[Section] 1292(b) sets a high threshold for certification to prevent piecemeal appeals." *OFS Fitel, LLC v. Epstein, Becker & Green, P.C.*, 549 F.3d 1344, 1359 (11th Cir. 2008). Certification is "wholly discretionary." *Id.* at 1358; *accord Jenkins v. BellSouth Corp.*, 491 F.3d 1288, 1291 (11th Cir. 2007) ("Under section 1292(b), both the district court and the court of appeals exercise discretion about granting interlocutory review . . . ."). However, certification is "an exceptional remedy," *Bemesderfer v. United Parcel Serv., Inc.*, No. 6:22-cv-270-PGB-EJK, 2023 U.S. Dist. LEXIS 186812, at *6 (M.D. Fla. Oct. 18, 2023), because

of the "strong presumption against interlocutory appeals," *Reyes v. BCA Fin. Servs., Inc.*, No. 16-24077-CIV-GOODMAN, 2018 U.S. Dist. LEXIS 230451, at *2 (S.D. Fla. June 8, 2018). "[T]he great bulk of [appellate] review must be conducted after final judgment, with [section] 1292(b) interlocutory review being a rare exception." *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1264 (11th Cir. 2004).

## ANALYSIS

Defendants assert three grounds for reconsideration. (Dkt. 73 at 2–13; Dkt. 81 at 2–8.) First, they maintain that *K.H.* constitutes an intervening change in controlling law because after briefing on the motions to dismiss closed, *K.H.* clarified that Plaintiff's allegations are insufficient under *Doe #1*, warranting dismissal of all claims. (Dkt. 73 at 5–10; Dkt. 81 at 1–5; Dkt. 83 at 1–5.)[1] Second, Defendants argue that clear error or manifest injustice resulted when the court overlooked *Doe #1* as controlling authority and relied on non-binding decisions that conflict with and misinterpret *Doe #1* (namely, *C.S.*, *S.Y.*, and *G.G.*). (Dkt. 73 at 10–13; Dkt. 83 at 5–6; *see* Dkt. 81 at 4–

---

[1] WHG calls *K.H.* a "binding and controlling Eleventh Circuit decision," (Dkt. 81 at 5), and states that *K.H.* "was published by the Eleventh Circuit after briefing closed," (*id.* at 3 n.2). (*Accord id.* at 2 (referring to *K.H.* as a "binding decision"), 5 n.4 (claiming that *K.H.* "bind[s] this [c]ourt").) However, as the Choice Hotels Defendants acknowledge in their motion for reconsideration (Dkt. 73), which was filed a month before WHG's motion and which contains arguments that WHG incorporates into its motion, (*see* Dkt. 81 at 2 n.1, 9), *K.H.* "is unpublished and thus non-binding," (Dkt. 73 at 5 n.4). *See K.H.*, 2024 U.S. App. LEXIS 3127; *G.W. v. Northbrook Indus., Inc.*, No. 1:20-cv-05232-JPB, 2024 U.S. Dist. LEXIS 114861, at *10 n.2 (N.D. Ga. June 14, 2024) ("*K.H.* is an unpublished, per curiam opinion."); *I.R. v. I Shri Khodiyar, LLC*, No. 1:22-CV-00844-SEG, 2024 U.S. Dist. LEXIS 80748, at *16 (N.D. Ga. Mar. 18, 2024) (noting same); *Doe (L.M.) v. 42 Hotel Raleigh, LLC*, No. 5:23-CV-235-FL, 2024 U.S. Dist. LEXIS 165863, at *10 (E.D.N.C. Sep. 16, 2024) (referring to *K.H.* as "an unpublished, unargued Eleventh Circuit opinion"); *see also Ray v. McCullough Payne & Haan, LLC*, 838 F.3d 1107, 1109 (11th Cir. 2016) ("[U]npublished decisions . . . bind no one."). WHG must take greater care in the future to avoid misrepresenting that a case is published and binding when it is in fact unpublished and non-binding.

5 & n.4.) Third, WHG contends that the court erred in concluding that Plaintiff plausibly pleads harboring to establish perpetrator liability. (Dkt. 81 at 5–8.) According to WHG, the court's application of the plain meaning of the term "harboring" "contravenes existing case[]law," and Plaintiff insufficiently alleges that WHG "harbored her with knowledge that [she] would engage in commercial sex under force, fraud, or coercion." (*Id.* at 6–7.)

In response, Plaintiff contends that *K.H.* does not constitute an intervening change in controlling law because it was issued months before the order denying the motions to dismiss and is thus not intervening, it is unpublished and unpersuasive and thus not controlling, and it does not represent a change in the law but merely applies *Doe #1*. (Dkt. 75 at 2–6; Dkt. 84 at 4–6.) In any event, Plaintiff argues, *K.H.* does not undermine her claims. (Dkt. 75 at 6–7; Dkt. 84 at 7–9.) Plaintiff further asserts that reconsideration is not warranted based on clear error or manifest injustice because the court "cited and accounted for" *Doe #1* in its order, (Dkt. 75 at 8; *accord* Dkt. 84 at 6), and because Defendants' criticisms of the non-binding cases on which the court relied do not establish clear error or manifest injustice, (Dkt. 75 at 7–11). As to WHG's harboring argument, Plaintiff maintains that the court correctly applied the plain meaning of "harboring" in accordance with existing caselaw and properly rejected WHG's position regarding knowledge, which WHG had already advocated in its motion to dismiss. (Dkt. 84 at 9–12.) Overall, in Plaintiff's view, Defendants are impermissibly "reargu[ing] issues that were or could have been argued" in their motions to dismiss. (*Id.* at 4; *accord id.* at 6, 12; Dkt. 75 at 8, 11.)

The court agrees with Plaintiff that reconsideration is not warranted. To begin with, Defendants are impermissibly using their motions for reconsideration to raise arguments that they raised or could have raised prior to the court's resolution of their motions to dismiss. *See Wilchombe*, 555 F.3d at 957. WHG made a harboring argument in its motion to dismiss, (*see* Dkt. 39 at 19–20), and to the extent the harboring argument in its motion for reconsideration differs, WHG does not explain why it could not have made that argument earlier, (*see* Dkt. 81 at 5–8). As to *K.H.*, although the parties did not brief the motions to dismiss further after October 18, 2023, (*see* Dkts. 50 & 51), and the Eleventh Circuit did not issue *K.H.* until February 9, 2024, the Local Rules authorized Defendants to file a notice of supplemental authority after the motions were briefed but before they were resolved, *see* M.D. Fla. Loc. R. 3.01(i). Accordingly, if Defendants considered *K.H.* to be "a supplemental authority that [wa]s not merely cumulative" of *Doe #1*, *id.*, they had over four months to, at a minimum, bring *K.H.* to the court's attention before the motions to dismiss were denied on June 12, 2024, (*see* Dkt. 68). They did not do so. In addition, Defendants could have sought the court's leave to file additional briefing on their motions related to *K.H.* but did not do so. Defendants do not explain why they failed to take these steps. (*See* Dkts. 73, 81, & 83.)

In any event, the motions for reconsideration fail on the merits. First, *K.H.* does not amount to an intervening change in controlling law because an "unpublished opinion does not constitute controlling law" and because "even if [*K.H.*] were binding

precedent, [it] did not change the applicable law" but "merely applied" *Doe #1*. *Ponamgi v. Safeguard Servs. LLC*, No. 11-62119-CIV-DIMITROULEAS, 2013 U.S. Dist. LEXIS 196985, at *3 (S.D. Fla. May 30, 2013); *see* 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent . . . ."). Second, the court did not overlook *Doe #1* as controlling authority; rather, it engaged with that decision throughout its order denying the motions to dismiss. (*See* Dkt. 68 at 5 n.1, 11, 13, 16, 18–20, 22, 24–25.) Defendants' criticisms of the court's references to *C.S.*, *S.Y.*, and *G.G.* in the order "amount[] to no more than disagreement with the [c]ourt's reasoning and ultimate conclusions." *Gulisano v. Cohen*, 34 F.4th 935, 945 (11th Cir. 2022) (quotation omitted). Third, binding caselaw supports that the term "harboring" in the TVPRA should be given its plain meaning. *See Doe #1*, 21 F.4th at 723–25 (applying the plain meanings of terms in the TVPRA); *United States v. Gatlin*, 90 F.4th 1050, 1060 (11th Cir. 2024) (showing that a defendant "harbors" an individual under section 1591(a) when the defendant allows the individual to stay at the defendant's house (citing *United States v. Mozie*, 752 F.3d 1271, 1286 (11th Cir. 2014))). And the court already explained in its prior order how the complaint adequately pleads perpetrator liability. (Dkt. 68 at 11–17; *see, e.g., id.* at 14–15 (explaining that WHG's "actual knowledge may be sufficiently inferred from the numerous signs exhibited by Plaintiff and her trafficker that she was a victim of human trafficking").) Accordingly, the motions for reconsideration are denied.

Defendants request certification in the alternative to reconsideration, (Dkt. 73

at 13–16; Dkt. 81 at 9–11; Dkt. 83 at 6–7), and Plaintiff does not oppose this request, (Dkt. 75 at 12; Dkt. 84 at 12). However, "[i]n light of the strong presumption against piecemeal appeals" and because the court is not persuaded that "exceptional circumstances justify[] departure from the policy of postponing appellate review until after the entry of a final judgment," the court declines to certify its prior order for interlocutory review under section 1292(b). *Teblum v. Eckerd Corp. of Fla.*, No. 2:03-cv-495-FtM-33 DNF, 2006 U.S. Dist. LEXIS 24530, at *14 (M.D. Fla. Apr. 28, 2006); *see Ajjahnon v. Amerilife of N.C., LLC*, No. 6:22-cv-329-JSS-LHP, 2024 U.S. Dist. LEXIS 88919, at *4 (M.D. Fla. Apr. 29, 2024) ("Even when all three elements [of certification] are satisfied, courts have 'discretion to turn down a [section] 1292(b) appeal.'" (quoting *McFarlin*, 381 F.3d at 1259)), *report and recommendation adopted by* 2024 U.S. Dist. LEXIS 88921, at *2 (M.D. Fla. May 14, 2024). Defendants' alternative request for certification is thus denied.

## CONCLUSION

Accordingly:

1. Defendants' motions for reconsideration or, in the alternative, certification (Dkts. 73 & 81) are **DENIED**.

2. The parties' joint motion to stay (Dkt. 85) is **DENIED as moot**.

   **ORDERED** in Orlando, Florida, on October 2, 2024.

   _____
   JULIE S. SNEED
   UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record