UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JANE DOE K.R.,

    Plaintiff,

v.                                            Case No:   6:23-cv-1012-JSS-LHP

CHOICE HOTELS, WHG SU
DELEGATES, LLC, CHOICE HOTELS
INTERNATIONAL, INC. and
CHOICE HOTELS INTERNATIONAL
SERVICES CORP.,

    Defendants

_____

## ORDER

This cause comes before the Court following a March 5, 2025 hearing on Plaintiff's Time-Sensitive Motion to Compel Discovery from Defendants Choice Hotels International, Inc. and Choice Hotels International Services Corporation (collectively "Choice Hotels") (Doc. No. 107), and Defendant WHG SU Delegates, LLC's Time Sensitive Motion to Compel the Deposition of Plaintiff's Expert and Request for Fees and Costs (Doc. No. 111). *See also* Doc. Nos. 113, 115. This Order memorializes the rulings made at the hearing.

As set forth in the record, Plaintiff filed this case on May 31, 2023, alleging violations of the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18

U.S.C. § 1581, *et seq.*, and discovery has been open since October 6, 2023.  Doc. No. 48; Fed. R. Civ. P. 26(d)(1).  It appears that Plaintiff did not serve any discovery until August 2024.  *See* Doc. No. 108-1, at 5.  As to Defendant Choice Hotels specifically, Choice Hotels initially responded to Plaintiff's discovery on October 21, 2025.  Doc. No. 108, at 9 n.7; *see also* Doc. No. 108-1, at 5.  But Plaintiff did not attempt to confer with Choice Hotels regarding the responses until January 17, 2025.  Doc. No. 107, at 13.  Although Plaintiff filed an initial motion to compel on February 4, 2025, Doc. No. 99, the motion was denied without prejudice the following day, and Plaintiff then waited until February 12, 2025 to renew the motion, Doc. No. 104, and then withdrew it, Doc. No. 105.  Then, on February 18, 2025, Doc. No. 107, less than two weeks before the close of discovery (March 3, 2025, *see* Doc. No. 88, at 1), Plaintiff filed its Time-Sensitive Motion to Compel Discovery from Defendants Choice Hotels International, Inc. and Choice Hotels International Services Corporation.  Doc. No. 107.

Also near the end of discovery, Plaintiff and WHG SU Delegates, LLC agreed to schedule the deposition of Plaintiff's expert Dr. Katy Fowler Sutton for February 17, 2025.  Doc. No. 111.  Plaintiff canceled, and the parties agreed to reschedule for February 25, 2025.  Doc. No. 111-1.  But just prior to the deposition, Plaintiff canceled again.  Doc. No. 111-2.  So, Defendant WHG SU Delegates, LLC filed its

Time Sensitive Motion to Compel the Deposition of Plaintiff's Expert and Request for Fees and Costs. Doc. No. 111.

Upon consideration of Plaintiff's Time-Sensitive Motion to Compel Discovery from Defendants Choice Hotels International, Inc. and Choice Hotels International Services Corporation (Doc. No. 107), and for the reasons set forth at the hearing, it is **ORDERED** as follows:

1. Plaintiff's Time-Sensitive Motion to Compel Discovery from Defendants Choice Hotels International, Inc. and Choice Hotels International Services Corporation (Doc. No. 107) is **GRANTED in part and DENIED in part**.

2. The motion (Doc. No. 107) is **GRANTED in part**, to the extent that it is **ORDERED** that Choice Hotels shall provide supplemental responses and discovery production as follows:

    a. Within **fourteen (14) days** of the date of this Order, Choice Hotels shall identify the area director(s) for the Suburban Extended Stay in Orlando for the period of January 1, 2009 through December 31, 2017.

    b. Within **fourteen (14) days** of the date of this Order, Choice Hotels shall identify the email address for the Suburban Extended Stay

in Orlando, as discussed with counsel at the hearing, for the period of January 1, 2009 through December 31, 2017.

c. Within **fourteen (14) days** of the date of this Order, Choice Hotels shall identify the person(s) responsible for creating training programs and/or materials related to commercial sex, trafficking, and prostitution, for the period of January 1, 2009 through December 31, 2017.

d. Within **fourteen (14) days** of the date of this Order, Choice Hotels shall produce to Plaintiff the training programs and/or materials related to commercial sex, trafficking, and prostitution that were offered/made available to Suburban Extended Stay in Orlando, as discussed with counsel at the hearing, for the period of January 1, 2009 through December 31, 2017.

e. Within **thirty (30) days** of the date of this Order, Choice Hotels shall complete a search of its electronically stored information ("ESI"), *i.e.*, the emails of the custodians identified at the March 5, 2025 hearing, for responsive information utilizing the following search terms:

- "Commercial Sex"
- "Traffick!"
- "Prostitut!"

- "Backpage" and "Backpage.com"
- "Nuisance" /10 "sex" or "crim!"

If the parties agree to additional search terms, they are free to add them to this query without further Court intervention.

3. Plaintiff's motion (Doc. No. 107) is **DENIED in all other respects**. *Cf. Coleman v. Starbucks*, No. 6:14-cv-527-Orl-22TBS, 2015 WL 2449585, at *9 (M.D. Fla. May 22, 2015) (denying motion to compel due to untimeliness of the motion filed on the eve of discovery, and given the overbreadth and disproportionality of the discovery requests).

Upon consideration of Defendant WHG SU Delegates, LLC's Time Sensitive Motion to Compel the Deposition of Plaintiff's Expert and Request for Fees and Costs (Doc. No. 111), and for the reasons set forth at the hearing, it is **ORDERED** as follows:

1. Defendant WHG SU Delegates, LLC's Time Sensitive Motion to Compel the Deposition of Plaintiff's Expert and Request for Fees and Costs (Doc. No. 111) is **GRANTED in full.**

2. It is **ORDERED** that Plaintiff's expert Dr. Katy Fowler Sutton shall appear for deposition on **March 17, 2025.**

3. It is further **ORDERED** that WHG SU Delegates, LLC is awarded its reasonable fees and expenses in bringing the motion, to include the fees and

costs incurred in (a) filing the motion (Doc. No. 111); (b) attending the February 25, 2025 deposition and court reporter costs related thereto; (c) counsel's attendance at the March 5, 2025 hearing (30 minutes); and (d) counsel's time in preparation for the March 17, 2025 deposition.  *See* Fed. R. Civ. P. 37(a)(5)(A).  On or before **March 31, 2025**, Plaintiff and WHG SU Delegates, LLC shall meet and confer in good faith to determine an amount of reasonable fees and expenses that should be awarded to WHG SU Delegates, LLC.  By this same deadline, the parties shall file a joint notice of the amount agreed upon.  If the parties are unable to reach an agreement by that time, within **seven (7) days** thereafter, WHG SU Delegates, LLC shall file a motion, supported by appropriate documentation, for reasonable fees and expenses incurred.  By agreement as set forth at the hearing, these fees are awarded solely against Plaintiff's counsel.  *See* Fed. R. Civ. P. 37(a)(5)(A).

**4.     Failure to appear at the March 17, 2025 deposition as required by this Order will result in further sanctions.  *See* Fed. R. Civ. P. 37(b).**

As discussed with the parties at the hearing, and given the March 3, 2025 discovery deadline, except as otherwise set forth in this Order, discovery is now closed.  *See* Doc. No. 88, at 1.  "Counsel, by agreement, may conduct discovery after the formal completion date but should not expect the Court to resolve discovery disputes arising after the discovery completion date."  Middle District

Discovery (2021) § (I)(F).   This Order will not provide good cause to support a request for an extension of any deadline in this case.

**DONE** and **ORDERED** in Orlando, Florida on March 6, 2025.

_____
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties