# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

JANE DOE K.R.,

        Plaintiff,

v.                                                        Case No:   6:23-cv-1012-JSS-LHP

CHOICE HOTELS, WHG SU
DELEGATES, LLC, CHOICE HOTELS
INTERNATIONAL, INC. and
CHOICE HOTELS INTERNATIONAL
SERVICES CORP.,

        Defendants

_____

## ORDER

Before the Court are Defendant WHG SU Delegates, LLC's ("WHG")
Unopposed Motion to Seal and Incorporated Memorandum of Law (Doc. No. 132),
and Choice Hotels, Choice Hotels International, Inc., and Choice Hotels
International Services Corporation's ("Choice") Unopposed Motion for Leave to
File Documents Under Seal (Doc. No. 140).   As suggested by the titles, Plaintiff
does not oppose either motion.   Doc. No. 132, at 12; Doc. No. 140, at 7.   Defendants
seek to file under seal either *Daubert* motions or exhibits related thereto, or file
under seal or redact exhibits related to motions for summary judgment.   Doc. Nos.

132, 140.    On review, WHG's motion (Doc. No. 132) will be **GRANTED**, and Choice's motion (Doc. No. 140) will be **DENIED without prejudice**, for the reasons that follow.

## I.    LEGAL STANDARDS.

A party seeking to file a document under seal must address the applicable requirements set forth in Local Rule 1.11.    The moving party must also satisfy the Eleventh Circuit's standard concerning the public's common law interest and right of access to inspect and copy judicial records.    *See, e.g.*, *Chicago Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311–12 (11th Cir. 2001); *United States v. Rosenthal*, 763 F.2d 1291 (11th Cir. 1985).    "The right of access creates a rebuttable presumption in favor of openness of court records," *Gubarev v. Buzzfeed, Inc.*, 365 F. Supp. 3d 1250, 1256 (S.D. Fla. 2019), which "may be overcome by a showing of good cause, which requires balancing the asserted right of access against the other party's interest in keeping the information confidential.    Whether good cause exists is decided by the nature and character of the information in question."    *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007) (internal quotations and alterations omitted).[1]

---

[1] Courts conducting a "good cause" balancing test consider, among other factors: (1) whether allowing access would impair court functions or harm legitimate privacy interests, (2) the degree of and likelihood of injury if made public, (3) the reliability of the information, (4) whether there will be an opportunity to respond to the information, (5) whether the information concerns public officials or public concerns, (6) the availability of

"Courts draw a distinction between documents filed with discovery motions and documents filed in connection with other types of motions." *NXP B.V. v. Blackberry Ltd.*, No. 6:12-cv-498-Orl-YK-TBS, 2014 WL 12622459, at *2 (M.D. Fla. Mar. 17, 2014). "'[T]here is a presumptive right of public access to pretrial motions of a nondiscovery nature, whether preliminary or dispositive, and the material filed in connection therewith.'" *Romero*, 480 F.3d at 1246 (quoting *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 164 (3d Cir. 1993)). Therefore, "material filed with discovery motions is not subject to the common-law right of access, whereas discovery material filed in connection with pretrial motions that require judicial resolution of the merits is subject to the common-law right." *Chicago Trib. Co.*, 263 F.3d at 1312. "Stated another way, although there is no common law right to obtain discovery material, a party that submits documents in connection with a motion for summary judgment puts the information into the public domain and triggers greater public right of access." *Regions Bank v. Kaplan*, No. 8:16-cv-2867-T-23AAS, 2017 WL 11025768, at *2 (M.D. Fla. Dec. 11, 2017) (citing *Alvey v. Gualtieri*, No. 8:15-cv-1861-T-33MAP, 2016 WL 4129273, at *2 (M.D. Fla. Aug. 3, 2016)).

---

a less onerous alternative to sealing the documents, (7) whether the records are sought for such illegitimate purposes as to promote public scandal or gain unfair commercial advantage, (8) whether access is likely to promote public understanding of historically significant events, and (9) whether the press has already been permitted substantial access to the contents of the records. *Gubarev*, 365 F. Supp. 3d at 1256 (citing *Romero*, 480 F.3d at 1246; *Newman v. Graddick*, 696 F.2d 796, 803 (11th Cir. 1983)).

## II.    WHG'S MOTION.

By its motion, WHG seeks leave to file under seal the expert report of Plaintiff's psychology expert, Dr. Katy Fowler Sutton, as an exhibit in support of its *Daubert* motion to exclude Dr. Sutton's testimony.    Doc. No. 132, at 1, 5–7; *see* Doc. No. 131.    WHG also seeks to file redacted versions of two summary judgment exhibits: (1) Plaintiff's alleged trafficker's arrest warrant; and (2) Plaintiff's deposition transcript.    Doc. No. 132, at 2.    WHG previously filed redacted copies of these exhibits on the public docket.    *See* Doc. Nos. 130, 130-1, 130-6.

As to the expert report of Dr. Katy Fowler Sutton, WHG seeks to file the report under seal because it is an assessment of Plaintiff's mental health based on a psychological examination and contains Plaintiff's personal health information. Doc. No. 132, at 1, 5–6.    WHG says redaction would be impracticable because the entire report contains sensitive clinical information and redaction would make the document unreadable.    *Id.* at 7.    Upon review, and based on WHG's explanation, the Court finds good cause to permit Dr. Katy Fowler Sutton's report to be filed under seal.    *See Clark v. FDS Bank*, No. 6:17-cv-692-Orl-41TBS, 2018 WL 6503583, at *2 (M.D. Fla. Dec. 11, 2018) ("The law recognizes a person's privacy interest in their personal medical information.").

Regarding Plaintiff's alleged trafficker's arrest warrant, WHG says that this arrest warrant is sealed on the criminal docket, WHG obtained the sealed warrant

from the FBI, and the FBI has requested that WHG redact the name of the special agent who executed the sealed arrest warrant.   Doc. No. 132, at 2, 7–8.   Upon review, the Court finds good cause for the proposed redaction, particularly given that the identity of the FBI agent does not pertain to any issues in this case.   *Cf. Summers v. U.S. Dep't of Just.*, 517 F. Supp. 2d 231, 240 (D.D.C. 2007) (good cause supported redaction of identifying information of FBI agent in FOIA case).   Thus, the Court will accept the redacted version filed on the docket.   *See* Doc. No. 130-6.

Finally, WHG seeks to file a redacted version of Plaintiff's deposition transcript, to include redactions for Plaintiff's personal identifying information and related parties, such as Plaintiff's parents and siblings, and their full names and home addresses.   Doc. No. 132, at 2, 9–10.   Upon consideration, the Court finds good cause to permit the redactions.   *See, e.g.*, *Hausburg v. McDonough*, No. 8:20-cv-2300-JSS, 2023 WL 2432322, at *1 (M.D. Fla. Mar. 9, 2023) (finding good cause to seal summary judgment filings containing personal identifying information of the plaintiff and non-parties).   The Court notes that Plaintiff has been permitted to proceed anonymously in this sex-trafficking case.   *See* Doc. No. 67.   Accordingly, the Court will accept the redacted version of the deposition transcript as filed.   *See* Doc. No. 130-1.

### III.    CHOICE'S MOTION.

Choice seeks to file over 1,600 pages of material under seal, to include several exhibits in support of its motion for summary judgment and an unredacted version of its *Daubert* motion to strike the testimony of Dr. Katy Fowler Sutton and two exhibits in support of that motion.   Doc. No. 140, at 2.   Collectively, Choice seeks to seal three categories of information: (1) information related to Plaintiff (Plaintiff's deposition transcript, Plaintiff's social media posts and messages, and Plaintiff's medical records); (2) Choice's confidential business information (a franchise agreement, rules and regulations, and quality assurance reports); and (3) information related to its *Daubert* motion to strike testimony from Dr. Katy Fowler Sutton and two exhibits in support (Dr. Katy Fowler Sutton's expert report and Dr. Katy Fowler Sutton's deposition transcript).   *Id.*

On review, however, Choice's motion is not adequately supported.[2]    For one, Choice seeks to file under seal some of the same exhibits addressed by WHG, specifically, the report of Dr. Katy Fowler Sutton and Plaintiff's deposition transcript.   *Compare* Doc. No. 132, *with* Doc. No. 140.   As discussed above, the

---

[2] Moreover, the way that Choice has filed its motion to seal and related materials renders it confusing, as while the motion references Exhibits I, H, J, C, E, and F to its motion for summary judgment and the *Daubert* motion and exhibits, the motion to seal was filed with all attachments docketed as Exhibits A through J without explanation in the motion as to which exhibit correlates to the documents addressed in the motion.   *See* Doc. No. 140.

Court will permit the report of Dr. Katy Fowler Sutton to be filed under seal for the reasons discussed above. But WHG sought only to redact Plaintiff's deposition transcript for personal identifying information, and thus the redacted deposition transcript has already been filed on the public docket. *See* Doc. No. 130-1. Choice's motion fails to support why the entirety of the deposition transcript should now be filed under seal given that a redacted version has already been filed on the docket. Doc. No. 140.

Further, Choice seeks to file under seal other exhibits that have already (at least partially) been filed on the public docket. Specifically, WHG filed portions of Dr. Katy Fowler Sutton's deposition transcript with its *Daubert* motion. *See* Doc. No. 131-2. A redacted version of the franchise agreement is also on the public docket. *See* Doc. No. 108-2. Choice does not adequately support the propriety of sealing these materials that have already been filed on the public docket.

As to the remainder of Choice's requests, besides general legal standards, they are unsupported, and merely stating the information is confidential does not make it so for purposes of a motion to seal. *See* Doc. No. 140, at 4. Nor does the parties' confidentiality agreement alone support filing documents under seal. *See* Local Rule 1.11(a). And Choice's contention that the documents are of no public concern is unavailing, given the presumption of public access to these materials as discussed above. *See* Doc. No. 140, at 5–6. *See also, e.g.*, *Rodriguez v. Magic Burgers,*

*LLC*, No. 6:19-cv-1656-CEM-LRH, 2021 WL 3017528, at *2 (M.D. Fla. Mar. 24, 2021) (denying motion to seal in relation to summary judgment, stating: "The Defendant's conclusory statement that the documents at issue contain proprietary information, trade secrets, and are subject to protection under the parties' confidentiality agreement falls short of rebutting the presumption in favor of openness."); *Allstate Ins. Co. v. Auto Glass Am., LLC*, No. 6:18-cv-2184-Orl-41LRH, 2020 WL 6870755, at *3 (M.D. Fla. Oct. 22, 2020) (denying motion to seal summary judgment and *Daubert* materials for failure to demonstrate that the materials were subject to confidential treatment under governing law).

Accordingly, Choice's motion will be denied without prejudice to refiling to address these discrepancies and to provide legal authority supporting its requests. Any renewed motion shall address whether any of the materials at issue have already been filed on the public docket, in redacted form or otherwise, and why filing each proposed item under seal is necessary and warranted under applicable law.

## IV.    CONCLUSION.

For the reasons stated herein, it is **ORDERED** as follows:

1.    WHG's Unopposed Motion to Seal and Incorporated Memorandum of Law (Doc. No. 132) is **GRANTED**.    Within **seven (7) days** of the date of this Order, WHG shall separately file under seal the expert report of Dr. Katy

Fowler Sutton.   The redacted versions of Plaintiff's deposition and Plaintiff's alleged trafficker's arrest warrant shall remain on the docket.   Upon review, the Court may require that some or all of the information filed under seal be filed in the public record, if it determines that the information is not properly subject to sealing.   Otherwise, this seal shall not extend beyond **ninety (90) days** after the case is closed and all appeals exhausted.   *See* Local Rule 1.11(e).

2.     Choice's Unopposed Motion for Leave to File Documents Under Seal (Doc. No. 140) is **DENIED without prejudice**.   Choice may file a renewed motion within **seven (7) days** of the date of this Order, which must address the issues outlined herein.   Failure to file a renewed motion by this deadline will result in an Order that the materials at issue, not otherwise sealed or redacted by this Order, be filed on the public docket.

**DONE** and **ORDERED** in Orlando, Florida on April 4, 2025.

_____
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties