UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JANE DOE K.R.,

      Plaintiff,

v.                                        Case No:   6:23-cv-1012-JSS-LHP

CHOICE HOTELS, WHG SU
DELEGATES, LLC, CHOICE HOTELS
INTERNATIONAL, INC. and
CHOICE HOTELS INTERNATIONAL
SERVICES CORP.,

      Defendants

_____/

ORDER

Before the Court is Choice Hotels, Choice Hotels International, Inc., and Choice Hotels International Services Corporation's ("Choice") Renewed Unopposed Motion for Leave to File Documents Under Seal. Doc. No. 148. Plaintiff does not oppose. *Id.* at 19. On review, the renewed motion (Doc. No. 148) is **GRANTED** for the reasons that follow.

A party seeking to file a document under seal must address the applicable requirements set forth in Local Rule 1.11. The moving party must also satisfy the Eleventh Circuit's standard concerning the public's common law interest and right

of access to inspect and copy judicial records. *See, e.g.*, *Chicago Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311–12 (11th Cir. 2001); *United States v. Rosenthal*, 763 F.2d 1291 (11th Cir. 1985). "The right of access creates a rebuttable presumption in favor of openness of court records," *Gubarev v. Buzzfeed, Inc.*, 365 F. Supp. 3d 1250, 1256 (S.D. Fla. 2019), which "may be overcome by a showing of good cause, which requires balancing the asserted right of access against the other party's interest in keeping the information confidential. Whether good cause exists is decided by the nature and character of the information in question." *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007) (internal quotations and alterations omitted).[1]

"Courts draw a distinction between documents filed with discovery motions and documents filed in connection with other types of motions." *NXP B.V. v. Blackberry Ltd.*, No. 6:12-cv-498-Orl-YK-TBS, 2014 WL 12622459, at *2 (M.D. Fla. Mar. 17, 2014). "'[T]here is a presumptive right of public access to pretrial motions of a

---

[1] Courts conducting a "good cause" balancing test consider, among other factors: (1) whether allowing access would impair court functions or harm legitimate privacy interests, (2) the degree of and likelihood of injury if made public, (3) the reliability of the information, (4) whether there will be an opportunity to respond to the information, (5) whether the information concerns public officials or public concerns, (6) the availability of a less onerous alternative to sealing the documents, (7) whether the records are sought for such illegitimate purposes as to promote public scandal or gain unfair commercial advantage, (8) whether access is likely to promote public understanding of historically significant events, and (9) whether the press has already been permitted substantial access to the contents of the records. *Gubarev*, 365 F. Supp. 3d at 1256 (citing *Romero*, 480 F.3d at 1246; *Newman v. Graddick*, 696 F.2d 796, 803 (11th Cir. 1983)).

nondiscovery nature, whether preliminary or dispositive, and the material filed in connection therewith.'" *Romero*, 480 F.3d at 1246 (quoting *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 164 (3d Cir. 1993)). Therefore, "material filed with discovery motions is not subject to the common-law right of access, whereas discovery material filed in connection with pretrial motions that require judicial resolution of the merits is subject to the common-law right." *Chicago Trib. Co.*, 263 F.3d at 1312. "Stated another way, although there is no common law right to obtain discovery material, a party that submits documents in connection with a motion for summary judgment puts the information into the public domain and triggers greater public right of access." *Regions Bank v. Kaplan*, No. 8:16-cv-2867-T-23AAS, 2017 WL 11025768, at *2 (M.D. Fla. Dec. 11, 2017) (citing *Alvey v. Gualtieri*, No. 8:15-cv-1861-T-33MAP, 2016 WL 4129273, at *2 (M.D. Fla. Aug. 3, 2016)).

Here, Choice seeks to file under seal: (1) Choice's confidential business information (rules and regulations, and quality assurance reports, Exhibits D, E, and F to its motion for summary judgment, Doc. No. 138); (2) information related to Plaintiff (Plaintiff's social media posts and messages and Plaintiff's medical records, Exhibits H and J to its motion for summary judgment, Doc. No. 138); and (3) an unredacted *Daubert* motion to strike testimony from Plaintiff's expert Dr. Katy Fowler Sutton (Doc. No. 139). Doc. No. 148, at 3–4. Choice also seeks to file on the public docket a redacted version of a franchise agreement (Exhibit C to its

motion for summary judgment, Doc. No. 138), and redacted versions of Plaintiff's deposition transcript (Exhibit I to its motion for summary judgment, Doc. No. 138), its *Daubert* motion (Doc. No. 139), and excerpts from the deposition transcript of Plaintiff's expert, Dr. Katy Fowler Sutton (Exhibit B to *Daubert* motion, Doc. No. 139). *Id.*

On review, and for the same reasons set forth in the Court's April 4, 2025 Order granting a similar motion to seal, and having considered Local Rule 1.11 and the Eleventh Circuit's standard for sealing documents, the Court finds good cause to permit information related to Plaintiff's personal identifiers and medical information to be filed under seal. *See* Doc. No. 145. Accordingly, Choice will be permitted to file under seal Plaintiff's social media posts and messages, Plaintiff's medical records, and an unredacted copy of its *Daubert* motion related to Dr. Katy Fowler Sutton. Choice will also be permitted to file on the public docket redacted versions of Plaintiff's deposition transcript and excerpts of Dr. Katy Fowler Sutton's deposition transcript. The Court will accept the redacted version of the *Daubert* motion on the public docket. *See* Doc. No. 139. *See also Clark v. FDS Bank*, No. 6:17-cv-692-Orl-41TBS, 2018 WL 6503583, at *2 (M.D. Fla. Dec. 11, 2018) ("The law recognizes a person's privacy interest in their personal medical information."); *cf. McKenzie v. United States Tennis Ass'n Inc.*, No. 6:22-cv-615-PGB-LHP, 2023 WL

6626109, at *2 (M.D. Fla. Oct. 11, 2023) (permitting materials identifying victim of sexual assault to be filed under seal).

As it relates to the remainder, Choice seeks to file under seal its confidential business information in support of summary judgment, to include rules and regulations and quality assurance reports. Doc. No. 148, at 3. Choice also seeks to file on the public docket a redacted franchise agreement. *Id.* Choice contends that these documents "all contain business information and intellectual property that is central to Choice's business model," all of which is proprietary, and disclosure of which would cause significant competitive harm. *Id.* at 7. Choice argues that public disclosure of these documents risks exposing trade secrets, as well as confidential and proprietary information to competitors. *Id.* at 7–12.

Upon review, and based on Choice's explanation, the Court finds good cause for the sealing or redaction of these materials. *See, e.g.*, *ESR Performance Corp. v. JVMAX, Inc.*, No. 6:18-cv-1601-Orl-78GJK, 2019 WL 13082968, at *3 (M.D. Fla. Aug. 20, 2019) (permitting summary judgment filings under seal where the documents contained "confidential and proprietary business information including sales figures and intellectual property"); *Bastian v. United Servs. Auto. Ass'n*, No. 3:13-cv-1454-J-32MCR, 2014 WL 6908430, at *2 (M.D. Fla. Dec. 8, 2014) (granting motion to seal proprietary business information in support of summary judgment). Accordingly, Choice will be permitted to file under seal the rules and regulations

and quality assurance reports; Choice will also be permitted to file a redacted version of the franchise agreement on the public docket.[2]

For these reasons, Choice's Renewed Unopposed Motion for Leave to File Documents Under Seal (Doc. No. 148) is **GRANTED**.   Within **seven (7) days** of the date of this Order, Choice shall separately file the documents at issue, under seal or on the public docket in redacted form as authorized by this Order.   Upon review, the Court may require that some or all of the information filed under seal be filed in the public record, if it determines that the information is not properly subject to sealing.   Otherwise, this seal shall not extend beyond **ninety (90) days** after the case is closed and all appeals exhausted.   *See* Local Rule 1.11(e).

**DONE** and **ORDERED** in Orlando, Florida on April 15, 2025.

_____
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[2] Although the redacted franchise agreement was previously filed during discovery, Doc. No. 108-2, the Court will have Choice refile so as to provide clarity to the docket and to have all records for dispositive motions briefing filed contemporaneously.