# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

JANE DOE K.R.,

      Plaintiff,

v.

CHOICE HOTELS, WHG SU
DELEGATES, LLC, CHOICE HOTELS
INTERNATIONAL, INC. and
CHOICE HOTELS INTERNATIONAL
SERVICES CORP.,

      Defendants

Case No:   6:23-cv-1012-JSS-LHP

## ORDER

Before the Court is Plaintiff's Motion to Strike Expert Testimony of Defendant WHG SU Delegates, LLC's Experts and for Sanctions. Doc. No. 123. Defendants collectively respond in opposition. Doc. No. 155.[1] For the reasons set forth herein, Plaintiff's motion (Doc. No. 123) will be **DENIED**.

Discovery closed in this case on March 3, 2025. Doc. No. 88. Plaintiff filed

---

[1] As set forth in the response, the motion relates to four experts, Scott Juba, Timothy Kolonick, Dr. Matthew Norman, and Victor Williams, three of whom were retained jointly by both Defendants. Doc. No. 155, at 1 n.1. Thus, this Order references the collective "Defendants" even though the motion was brought against WGH SU Delegates, LLC alone.

the present motion on March 31, 2025. Doc. No. 123. According to Plaintiff, Defendants served expert disclosures on February 17, 2025, Plaintiff asked Defendants for deposition dates on February 20, 2025, and Defendants provided dates on February 22, 2025, most of which fell after the close of discovery (March 3, 2025). *Id.* at 1–2. On March 3, 2025, Plaintiff noticed the depositions for dates after the discovery deadline. *Id.* at 2. After a hearing on a discovery matter on March 5, 2025, Defendants canceled the depositions even though the parties "had already agreed to conduct discovery after the formal discovery completion date." *Id.* Plaintiff contends Defendants improperly did so without seeking to quash the notices or obtaining a protective order related to them. *Id.* Plaintiff maintains throughout the motion that the depositions "were properly noticed" "before the close of discovery." *Id.* at 2, 4. So, Plaintiff argues that the appropriate remedy is to strike all of the experts and prevent them from testifying at trial. *Id.* at 5.

For several of the reasons argued by Defendants in response, however, *see* Doc. No. 155, the Court finds Plaintiff's arguments unpersuasive.[2] As an initial matter, Plaintiff's position that the depositions "were properly noticed" "before the close of discovery" is simply incorrect. As demonstrated by the email exchanges attached as exhibits to the parties' filings, Plaintiff noticed the depositions at 5:03

---

[2] This is not to say that the Court finds all of Defendants' arguments meritorious, and the Court only credits the response to the extent the arguments are addressed herein.

- 2 -

p.m. (what appears to be Central Time) on the day discovery closed—March 3, 2025. Doc. No. 123-1, at 2–3. The Court finds the deposition notices served on the discovery deadline—after close of business—untimely. *See generally* Middle District Discovery (2021) § (I)(F) ("The Court follows the rule that the completion date means that all discovery must be completed by that date.").

Moreover, Plaintiff provides no explanation for the delay in noticing the depositions. Based on Plaintiff's failure to timely disclose her experts and related materials in the first place, the Court extended Defendants' expert disclosure deadline through February 17, 2025 by Order entered on January 21, 2025. Doc. No. 94. Plaintiff does not explain why counsel waited almost a month after the Court entered that Order and until after Defendants disclosed their experts to even attempt to schedule depositions—despite the fact that Plaintiff was on notice of the short turnaround between Defendants' expert deadline and the close of discovery. *See id.* (warning counsel that the March 3, 2025 discovery deadline was not extended and extension of Defendants' expert disclosure deadline would not provide good cause for such request).

Instead, the record reflects a lack of diligence on Plaintiff's part. Plaintiff waited until February 20, 2025 to attempt to schedule the depositions. Doc. No. 123-1, at 2–3. Within two days, Defendants responded with dates, albeit some after the close of discovery. *Id.* at 2–3. But without explanation, Plaintiff then waited

an additional nine (9) days—until 5:03 p.m. on the day discovery closed—to notice the depositions. Doc. Nos. 123-2, 123-3, 123-4, 123-5. And despite Plaintiff's contention that Defendants "agreed" to the deposition dates, the evidence suggests merely that Defendants provided dates for depositions and Plaintiff thereafter noticed depositions nine (9) days later. Doc. No. 123-1. Plaintiff does not point to any evidence where Defendants agreed to continue discovery after the deadline had passed, agreed that Plaintiff could notice depositions after discovery closed, or agreed to the dates Plaintiff selected. *Id.* Nor does Plaintiff address why she did not avail herself of other devices to schedule the depositions, to include unilaterally noticing the depositions at an earlier date if necessary. *See Dover Shores Shell, Inc. v. Scottsdale Ins. Co.*, No. 6:22-cv-167-PGB-DCI, 2023 WL 3994928, at *3 (M.D. Fla. June 14, 2023).

In essence, and as Defendants argue, Plaintiff is seeking discovery sanctions for Defendants' failure to produce their experts for depositions. But the motion in this regard is untimely, as it was filed on March 31, 2025, well after discovery closed. *See* Doc. Nos. 88, 123.[3] As the Court cautioned Plaintiff at the March 5, 2025 hearing, because discovery is closed, and the discovery deadline has not been

---

[3] There is also notably a lack of explanation for the delay with regard to the filing of this motion, twenty-six (26) days after Defendants notified Plaintiff that the depositions would not go forward. *See* Doc. Nos. 123, 123-1, at 2. But instead of seeking prompt relief from the Court, Plaintiff proceeded with the depositions, at which the deponents (foreseeably) did not appear. *See* Doc. Nos. 123, 123-6, 123-7, 123-8, 123-9.

extended, any issues with an expert's failure to appear at a post-discovery-deadline deposition do not provide grounds for relief from the Court. *See* Doc. No. 120, at 22. And the Court warned the parties at the hearing that to the extent an extension of any deadline was requested, it could only be sought by properly supported motion, which motion Plaintiff has never filed. *See id.* at 21–22, 89.

In sum, Plaintiff's notices of deposition, served after the close of discovery and without seeking an extension of the discovery deadline to conduct such depositions, leave Plaintiff without a remedy before the Court at this time. But "any prejudice that may have befallen Plaintiff is the result of [counsel's] own doing." *See Dover Shores Shell, Inc.*, 2023 WL 3994928, at *3. Plaintiff had ample opportunity to take the depositions at issue, to include by planning the depositions prior to Defendants' service of expert reports, by unilaterally noticing the depositions prior to the close of discovery, or by seeking Court intervention prior to the close of discovery. But Plaintiff did none of these. As a result of Plaintiff's inaction, the extraordinary remedy of striking Defendants' experts is not appropriate. *See id.*[4]

---

[4] The cases Plaintiff cites in support are inapposite. In *St. Louis Condo. Ass'n, Inc. v. Rockhill Ins. Co.*, No. 18-21365-CIV, 2019 WL 2008665, at *1 (S.D. Fla. Mar. 11, 2019), *aff'd*, 5 F.4th 1235 (11th Cir. 2021), plaintiff first attempted to schedule an expert deposition five (5) weeks before the close of discovery, the deposition was in fact scheduled before the close of discovery, but defendant unilaterally canceled the deposition and only provided new dates well after the discovery deadline. And in *Lopez v. Countrywide Mortg.*, No. CIV A 2:06-116, 2009 WL 139484, at *3 (S.D. Tex. Jan. 21, 2009), the expert deposition was

For these reasons, Plaintiff's motion (Doc. No. 123) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on April 23, 2025.

*Leslie Hoffman Price*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

scheduled, then canceled, then rescheduled, and the expert thereafter failed to appear. Neither case involved a situation where a party did not even notice expert depositions until after discovery had closed.