**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

JANE DOE K.R.,

        Plaintiff,

v.                                    Case No:   6:23-cv-1012-JSS-LHP

CHOICE HOTELS, WHG SU
DELEGATES, LLC, CHOICE HOTELS
INTERNATIONAL, INC. and
CHOICE HOTELS INTERNATIONAL
SERVICES CORP.,

        Defendants

---

**ORDER**
(And Direction to Clerk of Court)

Before the Court is Plaintiff's Unopposed Motion to Seal and Memorandum of Law (Doc. No. 166), Defendants Choice Hotels, Choice Hotels International, Inc., Choice Hotels International Services Corp.'s (collectively, "Choice") Motion to Seal Brief in Support of Plaintiff's Motion to Seal (Doc. No. 174),[1] and Choice's redacted Memorandum in Support of Plaintiff's Motion to Seal (Doc. No. 175).   On review,

---

[1] Plaintiff does not oppose.   Doc. No. 177.

and for the reasons that follow, the requests to seal the materials at issue in these filings will be **DENIED without prejudice to refiling**, as discussed below.[2]

As has been previously explained in this case, Doc. Nos. 145, 149, a party seeking to file a document under seal must address the applicable requirements set forth in Local Rule 1.11. The moving party must also satisfy the Eleventh Circuit's standard concerning the public's common law interest and right of access to inspect and copy judicial records. *See, e.g.*, *Chicago Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311–12 (11th Cir. 2001); *United States v. Rosenthal*, 763 F.2d 1291 (11th Cir. 1985).[3]  "'[T]here is a presumptive right of public access to pretrial motions of

---

[2] The Court notes that two of the exhibits at issue in Plaintiff's motion have already been addressed by separate Order, Doc. Nos. 166-2, 166-7, as the Court has already permitted a redacted version of the franchise agreement to be filed and the rules and regulations to be filed under seal. *See* Doc. Nos. 145, 149. Because these materials are already on the docket, the Court does not further address these materials herein.

[3] "The right of access creates a rebuttable presumption in favor of openness of court records," *Gubarev v. Buzzfeed, Inc.*, 365 F. Supp. 3d 1250, 1256 (S.D. Fla. 2019), which "may be overcome by a showing of good cause, which requires balancing the asserted right of access against the other party's interest in keeping the information confidential. Whether good cause exists is decided by the nature and character of the information in question." *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007) (internal quotations and alterations omitted). Courts conducting a "good cause" balancing test consider, among other factors: (1) whether allowing access would impair court functions or harm legitimate privacy interests, (2) the degree of and likelihood of injury if made public, (3) the reliability of the information, (4) whether there will be an opportunity to respond to the information, (5) whether the information concerns public officials or public concerns, (6) the availability of a less onerous alternative to sealing the documents, (7) whether the records are sought for such illegitimate purposes as to promote public scandal or gain unfair commercial advantage, (8) whether access is likely to promote public understanding of historically significant events, and (9) whether the press has already been permitted substantial access to the contents of the records. *Gubarev*, 365 F. Supp. 3d at 1256 (citing *Romero*, 480 F.3d at

a nondiscovery nature, whether preliminary or dispositive, and the material filed in connection therewith.'" *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007) (quoting *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 164 (3d Cir. 1993)). As the parties have previously been cautioned, the parties' confidentiality agreement alone does not authorize filing documents under seal, *see* Local Rule 1.11(a), and merely stating the information is confidential does not make it so for purposes of a motion to seal, *see* Doc. No. 145, at 7.

At present, Plaintiff seeks to file under seal in support of summary judgment briefing several of Choice's exhibits that Choice designated as confidential during discovery. Doc. No. 166. Because Plaintiff failed to adequately support the motion, the Court ordered Choice to file a brief in support. Doc. No. 169; Local Rule 1.11(c). Choice has now filed a motion to file under seal that supporting brief (Doc. No. 174), a copy of the brief under temporary seal (Doc. No. 174-1, *see* Local Rule 1.11(b)(8)), and a redacted copy of the brief on the public docket (Doc. No. 175).

Upon review, the Court discerns no legal basis for Choice's request to seal many of the materials at issue. For example, taking the motion to seal Choice's unredacted brief, a review of the redacted information reflects the identity of a third-party corporation and general information about Choice business practices and descriptions of programs and/or discussions regarding anti-trafficking efforts.

---

1246; *Newman v. Graddick*, 696 F.2d 796, 803 (11th Cir. 1983)).

Doc. No. 174-1 (sealed).  In its motion to seal, Choice fails to explain why the information would be entitled to protection under governing law—particularly at the summary judgment stage—and the Court questions Choice's representation that the redacted information constitutes "competitively-sensitive business" information subject to protection.  Doc. No. 174.  Notably, besides general legal standards, Choice cites no legal authority in support.  *See* Doc. No. 174, at 4–5.

In addition, many of the summary judgment exhibits do not appear to be related to the third-party identified or the confidential business arrangements which Choice discusses in its brief, *see, e.g.*, Doc. Nos. 166-3, 166-4, 166-6, 166-8, 166-9, 166-10, 166-11, 166-13, but because Choice addresses these exhibits collectively and without individual analysis, the Court cannot be sure.  Doc. Nos. 174, 175.  However, to the extent that Choice claims that the email exhibits contain "confidential information, including competitively sensitive communications" and "proprietary business information," the Court has serious doubts, considering that the sealed exhibits in large part discuss generalities and do not appear to contain any information that would be subject to sealing under governing law, particularly at the summary judgment stage of this case.  *See* Doc. Nos. 166-3, 166-4, 166-6, 166-8, 166-9, 166-10, 166-11, 166-13.[4]  Further, insofar as Choice contends that the

---

[4] It appears that Choice may simply prefer not to make public some of the information reflected in these exhibits, but that is not a basis for sealing, nor does Choice demonstrate that it is.  *See* Doc. Nos. 174, 175.

information contains personally identifiable information of third-party employees, Choice fails to explain why simple redaction of this information would not be appropriate, as it does not appear to have bearing on the substantive issues in this case. *See* Doc. No. 175, at 5; Doc. No. 174-1, at 5 (sealed). But again, Choice's contention that all this information is of no public concern is unavailing given the presumption of public access, and, as Choice acknowledges, most of the information is directly relevant to the substance of this case and the parties' respective arguments in this litigation. *See* Doc. No. 175, at 6; *see also* Doc. No. 145, at 7–8.

While it may be that a small category of the documents at issue may indeed qualify for sealing, *e.g.*, Doc. No. 166-5, the Court declines to make that determination at this time given the deficiencies in Choice's briefing and the large swaths of information at issue. Further, Choice states in its brief that the third party (for which the identity has been redacted) "has a significant interest in establishing the confidentiality of any Email Exhibits in which [it] is a participant," and requests that the third party be given a chance to file a memorandum in support under Local Rule 1.11(c). Doc. No. 175, at 6–7. The Court questions the timeliness of this request, given that the third-party's deadline under Local Rule 1.11(c) has already expired with respect to Plaintiff's motion to seal. Doc. No. 166; Local Rule 1.11(c). However, given the deficiencies in Choice's own briefing, and in an

abundance of caution, the Court will permit Choice, along with any interested third parties, to file a joint renewed motion supporting the request to seal the documents at issue, as set forth below.

Accordingly, it is **ORDERED** as follows:

1. Plaintiff's Unopposed Motion to Seal and Memorandum of Law (Doc. No. 166) is **DENIED without prejudice**.

2. Choice's Motion to Seal Brief in Support of Plaintiff's Motion to Seal (Doc. No. 174) is **DENIED without prejudice**.

3. On or before **5:00 p.m. on June 3, 2025**, Choice, **along with any interested third parties**, shall file, **on the public docket**, a **joint** renewed motion to seal the exhibits at issue in full compliance with Local Rule 1.11 and the Eleventh Circuit's standard for sealing. Choice shall be responsible for coordinating with any interested third parties. The renewed motion shall contain a memorandum of legal authority and shall address each exhibit individually[5] and provide applicable legal authority demonstrating that said exhibit is properly sealed. **Failure to timely file a renewed motion or adequately support the sealing of any exhibit will result in an Order that the exhibit be placed on the public docket.**

---

[5] As to each exhibit, Choice shall provide citation to the exhibit as filed in support of Plaintiff's motion to seal, found at Docket Entry 166.

4. The **Clerk of Court** is **DIRECTED** to place[6] and maintain under seal the temporarily sealed exhibits (Doc. Nos. 166-1 through 166-13), as well as the unredacted brief filed by Choice (Doc. No. 174-1), pending further Order of the Court.

**DONE** and **ORDERED** in Orlando, Florida on May 20, 2025.

_____
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[6] This motion was docketed incorrectly, and the filings are currently on the public docket.