UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JANE DOE K.R.,

        Plaintiff,

v.                                                        Case No:   6:23-cv-1012-JSS-LHP

CHOICE HOTELS, WHG SU
DELEGATES, LLC, CHOICE HOTELS
INTERNATIONAL, INC. and
CHOICE HOTELS INTERNATIONAL
SERVICES CORP.,

        Defendants

## ORDER

Before the Court is Choice Hotels, Choice Hotels International, Inc., and Choice Hotels International Services Corporation's ("Choice") Renewed Unopposed Motion for Leave to File Documents Under Seal. Doc. No. 181. As suggested by the title, Plaintiff does not oppose. *Id.* at 17. Upon consideration, Choice's motion (Doc. No. 181) will be granted in part and denied in part.[1]

---

[1] The Court notes that Choice has failed to comply in full with the Court's directives for this motion to seal, in particular by failing to provide citation to the exhibits as filed under temporary seal on the docket. *See* Doc. No. 178, at 6 & n.5. This is problematic because some of the exhibits are labeled with the same exhibit number. *See* Doc. Nos. 166-4, 166-5, 166-6, 166-7. Choice also once again provides collective legal authority to

The legal standards governing this motion have been laid out in detail in prior Orders, and the Court applies the same standards here. *See* Doc. Nos. 145, 178. Under Local Rule 1.11 and the Eleventh Circuit's standards governing the sealing of materials at the summary judgment stage, the Court finds Choice's request to seal several of the documents well taken. In particular, the Court finds good cause to permit the filing of email Exhibits 9, 10, 11, 12, 13, 14, 15, and the training document labeled Exhibit 8 under seal, based on Choice's explanation that these filings contain non-public, confidential, and proprietary business information. Doc. No. 181. *See* Doc. Nos. 166-5, 166-6, 166-8, 166-9, 166-10, 166-11, 166-12, 166-13. *See also, e.g.*, *ESR Performance Corp. v. JVMAX, Inc.*, No. 6:18-cv-1601-Orl-78GJK, 2019 WL 13082968, at *3 (M.D. Fla. Aug. 20, 2019) (permitting summary judgment filings under seal where the documents contained "confidential and proprietary business information including sales figures and intellectual property"); *Bastian v. United Servs. Auto. Ass'n*, No. 3:13-cv-1454-J-32MCR, 2014 WL 6908430, at *2 (M.D. Fla. Dec. 8, 2014) (granting motion to seal proprietary business information in support of summary judgment).

---

support sealing the exhibits, despite the directive to provide citation to legal authority as to each particular exhibit establishing that the exhibit is properly sealed. *See* Doc. No. 178, at 6. Nonetheless, in an effort to bring this matter to conclusion, the Court has addressed Choice's motion on the merits. Choice is reminded to carefully review all Court Orders entered in this case and to comply in full therewith.

That said, Choice withdraws its request to have Exhibit 7 filed under seal. Doc. No. 181, at 3 n.2; *see also* Doc. No. 166-3. The Court will permit Choice to redact employee contact information from the filing as requested. *See id.* And as it relates to email Exhibit 8 (Doc. No. 166-4), the Court discerns no basis for the filing of this document under seal. Choice says that:

> Exhibit 8 contains confidential communications related to a government employee's request for certain documents, as well as internal communications amongst Choice employees regarding Choice's anti-trafficking efforts. If made public, competitors could use confidential discussions to attract franchisees to gain an unfair commercial advantage.

Doc. No. 181, at 6. But the exhibit is already mostly redacted, and is comprised of a short email exchange between two Choice employees about what someone else said to one of them at a conference. Doc. No. 166-4. The Court fails to see how this is a "confidential communication[] related to a government employee's request for certain documents." *See id.* So, Choice's request to have this exhibit filed under seal will be denied for failure to provide adequate support. *See* Doc. No. 178, at 6 ("Failure to . . . adequately support the sealing of any exhibit will result in an Order that the exhibit be placed on the public docket."); *see also Allstate Ins. Co. v. Auto Glass Am., LLC*, No. 6:18-cv-2184-Orl-41LRH, 2020 WL 6870755, at *3 (M.D. Fla. Oct. 22, 2020) (denying motion to seal summary judgment and *Daubert* materials for failure to demonstrate that the materials were subject to confidential

treatment under governing law). But the Court will permit Choice to redact employee contact information from the exhibit.

Accordingly, it is **ORDERED** as follows:[2]

1. Choice's Renewed Unopposed Motion for Leave to File Documents Under Seal (Doc. No. 181) is **GRANTED in part and DENIED in part**.

2. Within **seven (7) days** of the date of this Order, Choice shall file under seal email Exhibits 9, 10, 11, 12, 13, 14, 15, and the training document labeled Exhibit 8. *See* Doc. Nos. 166-5, 166-6, 166-8, 166-9, 166-10, 166-11, 166-12, 166-13.

3. Within **seven (7) days** of the date of this Order, Choice shall file on the public docket email Exhibits 7 and 8, in which Choice may redact employee contact information. *See* Doc. Nos. 166-3, 166-4.

4. Upon review of the summary judgment filings, the Court may require that some or all of the information filed under seal be filed in the public record, if it determines that the information is not properly subject to sealing. Otherwise, this seal shall not extend beyond **ninety (90) days** after the case is closed and all appeals exhausted. *See* Local Rule 1.11(e).

---

[2] This Order does not address further two of the exhibits Plaintiff filed under temporary seal, Doc. Nos. 166-2, 166-7, as the Court has already permitted a redacted version of the franchise agreement to be filed and permitted the rules and regulations to be filed under seal, *see* Doc. Nos. 145, 149.

**DONE** and **ORDERED** in Orlando, Florida on June 4, 2025.

*Leslie Hoffman Price*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties