UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JANE DOE K.R.,

    Plaintiff,

v.   Case No: 6:23-cv-1012-JSS-LHP

CHOICE HOTELS, WHG SU DELEGATES, LLC, CHOICE HOTELS INTERNATIONAL, INC., and CHOICE HOTELS INTERNATIONAL SERVICES CORP.,

    Defendants.
_____/

# ORDER

Defendants have filed *Daubert*[1] motions to exclude opinions offered by Ms. Rochelle Keyhan, a proffered expert on human trafficking. (Dkts. 125, 137.) Plaintiff opposes the motions. (Dkt. 158.) Upon consideration, for the reasons outlined below, the court grants the motions.

## BACKGROUND

Allegedly, Defendants owned and operated a hotel in Orlando, Florida, where Plaintiff was a victim of sex trafficking between February and May 2013. (Dkt. 150.) Accordingly, Plaintiff sues Defendants under the Trafficking Victims Protection Reauthorization Act (TVPRA), 18 U.S.C. § 1595(a). (Dkt. 150 at 51–54.) Neither the

---

[1] *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993).

initial complaint nor the amended complaint is verified. (*See* Dkts. 1, 150.)

In support of Plaintiff's claims, Ms. Keyhan has provided an approximately thirty-page report titled Expert Report on Human Trafficking: Victim Behaviors and Trafficker Actions. (*See* Dkt. 125-1.) In the report, Ms. Keyhan opines as to Defendants' knowledge of the trafficking of individuals at their properties in general and of Plaintiff's trafficking at the Orlando hotel in particular. (*Id.*) She also opines as to the financial benefit that Defendants derived by permitting trafficking and as to Defendants' failure to implement available anti-trafficking policies. (*Id.*) Ms. Keyhan describes her qualifications in terms of having over a decade of experience working in the law and policy sphere related to human trafficking. (*Id.* at 4–7.) Her curriculum vitae (attached to her report) supplies information about her awards, professional experience, education, international work, publications, media appearances, trainings, and speaking engagements. (*See* Dkt. 125-4.) In her report, Ms. Keyhan describes her general methodology as involving data collection and analysis (including pattern recognition), collaboration with experts and organizations around the country, and case studies of high-profile trafficking cases. (Dkt. 125-1 at 7–8.) Aside from discussing her general methodology, Ms. Keyhan does not specify the methodology that she used to arrive at her opinions regarding Plaintiff's trafficking. (*See id. passim*.)

During her deposition, Ms. Keyhan testified that for this case, she is offering only general opinions on human trafficking. (Dkt. 125-2 at 14.) She explained that before she issued her report, she had "not reviewed any specific facts in this case" except for those "contained in the complaint." (*Id.*; *see id.* at 23 (indicating that Ms.

Keyhan "looked at the complaint and us[ed] [it] as factually accurate").)  Ms. Keyhan could not recall reviewing Defendants' franchise agreement, and she testified that she had not reviewed any deposition transcripts.  (*Id.* at 15; *see id.* at 26 (Ms. Keyhan's confirmation that she had not "looked at a single WHG SU Delegates document or discovery response").)  Ms. Keyhan further stated that her curriculum vitae did not reflect speaking engagements, trainings, or publication contributions "specific to hotels or the hospitality industry."  (*Id.* at 17–22.)  When asked what measures Defendant WHG SU Delegates, LLC, had taken to address safety concerns at the Orlando hotel, Ms. Keyhan testified that she did not know.  (*Id.* at 25.)

## APPLICABLE STANDARDS

"To fulfil their obligation under *Daubert*, district courts must engage in a rigorous inquiry" focusing on three issues: (1) whether "the expert is qualified to testify competently regarding the matters he intends to address," (2) whether "the methodology by which the expert reaches his conclusions is sufficiently reliable," and (3) whether "the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact." *Rink v. Cheminova, Inc.*, 400 F.3d 1286, 1291–92 (11th Cir. 2005) (quotation omitted). "[T]he party seeking to introduce the expert at trial"—here, Plaintiff—"bears the burden of establishing [the expert's] qualifications, reliability, and helpfulness." *Knepfle v. J-Tech Corp.*, 48 F.4th 1282, 1294 (11th Cir. 2022).  The court must "ensure that speculative, unreliable expert testimony does not reach the jury."  *McCorvey v.*

*Baxter Healthcare Cor*p., 298 F.3d 1253, 1256 (11th Cir. 2002). "[T]o be admissible, an expert's testimony must be based on more than subjective belief or unsupported speculation." *Haggerty v. Upjohn Co.*, 950 F. Supp. 1160, 1167 (S.D. Fla. 1996) (quotation omitted).

## ANALYSIS

Defendants challenge Ms. Keyhan's opinions that they knew or should have known about trafficking at the Orlando hotel generally and about Plaintiff's trafficking specifically, that they benefitted financially from facilitating trafficking and thus permitted trafficking to occur because they prioritized profits over safety, and that if they had implemented sufficient anti-trafficking policies, including training in identifying the signs of trafficking, Plaintiff and others like her would not have been trafficked. (Dkt. 125 at 2–3; Dkt. 137 at 2.) Defendants contend that Ms. Keyhan is not qualified to offer these opinions, which are not based on a reliable methodology or helpful to the factfinder. (Dkt. 125 at 5–14; Dkt. 137 at 5–13.) Because the court agrees that the opinions are not based on a reliable methodology, it excludes them all on that ground.

"[N]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the ipse dixit of the expert." *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997). "A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered." *Id.* Here, Ms. Keyhan testified that she had not reviewed anything specific to this case beyond the unverified complaint, and consequently, she could offer

only general opinions on human trafficking. (Dkt. 125-2 at 14.) Nonetheless, the challenged opinions are specific to this case. They require sufficient facts about Defendants and the Orlando hotel to support conclusions about Defendants' (actual or constructive) knowledge of trafficking there.[2] The opinions also require facts about Defendants' financial situation and any anti-trafficking policies that Defendants had implemented. However, Ms. Keyhan's deposition testimony shows that she lacked such facts: she could not recall reviewing Defendants' franchise agreement and did not know what measures, if any, WHG SU Delegates had taken to address safety concerns at the Orlando hotel. (*See id.* at 15, 25–26.) *See Doe (E.M.B.) v. G6 Hosp., LLC*, No. 9:23-CV-00173-MJT-CLS, 2025 WL 2556106, at *16, 2025 U.S. Dist. LEXIS 175050, at *49 (E.D. Tex. Apr. 23, 2025) ("By failing to review [the defendant]'s policies and procedures, [Ms.] Keyhan has no basis to claim that [the defendant] did not adopt, implement, or enforce sufficient training, processes, or protocols for responding to prostitution or human trafficking on their properties." (quotation omitted)).

Plaintiff faults Defendants for failing to timely provide case-specific documents, (Dkt. 158 at 8–9), but Plaintiff bears the burden of establishing that Ms. Keyhan based her opinions on sufficient facts, *see Knepfle*, 48 F.4th at 1294. Further, the methodology described in Ms. Keyhan's report is too general to explain how she arrived at the

---

[2] The court notes that Ms. Keyhan's opinions as to Defendants' knowledge are also not helpful to the factfinder. *See Kelley v. C.R Bard, Inc.*, 644 F. Supp. 3d 1316, 1343 (N.D. Ga. 2022) ("Speculative state of mind statements are not admissible as expert testimony because they are 'legal conclusions as to another person's state of mind' and thus are not of the type of evidence that a jury 'needs the assistance of an expert to understand.'" (alteration adopted) (quoting *Omar v. Babcock*, 177 F. App'x 59, 63 n.5 (11th Cir. 2006))).

opinions specific to this case. *See Abramson v. Walt Disney World Co.*, 370 F. Supp. 2d 1221, 1224–25 (M.D. Fla. 2005) (discussing the unreliability of a general methodology). Because the analytical gap between the general data and the case-specific opinions is simply too great, the court excludes the opinions. *See Gen. Elec. Co.*, 522 U.S. at 146; *Treminio v. Crowley Mar. Corp.*, No. 3:22-cv-00174-CRK, 2023 WL 8004591, at *14 n.14, 2023 U.S. Dist. LEXIS 206554, at *39 n.14 (M.D. Fla. Nov. 17, 2023) (excluding expert opinions in a TVPRA case when they were "not readily discernible or apparent as logical steppingstones from the [expert's] previous train of thought").

## CONCLUSION

Accordingly, Defendants' *Daubert* motions concerning Ms. Keyhan (Dkts. 125, 137) are **GRANTED**, and the challenged opinions are **EXCLUDED**.

**ORDERED** in Orlando, Florida, on September 24, 2025.

_____
JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record